UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| RALF RHO,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Civil Action No.:<br><br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT<br><br><br>DEMAND FOR JURY TRIAL |

Plaintiff Ralf Rho ("Plaintiff") brings this Complaint against defendant Equifax Information Services, LLC ("Equifax" or "Defendant"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**NATURE OF THE ACTION**

1. This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA"). Defendant has been reporting inaccurate account status information about Plaintiff's Merrick Bank account. Specifically, although the account was paid in full, closed with a $0 balance, and had never been delinquent Defendant reported that the account had been charged off.

2. Although Plaintiff disputed the reporting in writing, Defendant failed to correct the reporting.

3. Defendant's failure to remove the inaccurate account status has damaged and continues to damage Plaintiff by preventing him from being approved for an auto loan and obtaining credit at the most favorable market rates. Plaintiff has also been forced to deal with the aggravation and humiliation of a poor credit score. Accordingly, Plaintiff is entitled to damages.

1

## PARTIES

4. Plaintiff resides in Abingdon, Massachusetts, and qualifies as a "consumer" as defined and protected by the FCRA. Plaintiff is an individual, not an entity.

5. Defendant Equifax is a Georgia corporation headquartered at 1550 Peachtree Street, NE, Atlanta, GA 30309. Equifax qualifies as a "consumer reporting agency" under the FCRA.

## JURISDICTION AND VENUE

6. The claims asserted in this complaint arise under §1681e(b) and §1681i. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

7. Venue is proper in this District under 28 U.S.C. §1391(b).

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

8. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained their consumer credit reports. To that end, the FCRA imposes the following twin duties on consumer reporting agencies (or credit bureaus): (i) credit bureaus must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports; and (ii) credit bureaus must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies.

9. Credit bureaus must immediately notify a furnisher if a consumer disputes the accuracy of information reported by that furnisher. Upon receiving notice of a consumer's dispute, the furnisher is required to conduct a reasonable investigation, mark the account as disputed, and update the reporting if necessary.

10. Defendant failed to fulfil its duties under the FCRA.

**Defendant Willfully Violated the FCRA and Harmed Plaintiff**

11.     In or about March 2021, Plaintiff opened a revolving credit account at Merrick Bank with a $2,200 credit limit.  Plaintiff used the account sporadically over the next year and made timely payments each month.

12.     In May 2022, Plaintiff paid the entire outstanding balance on his account and notified Merrick Bank that he wished to close the account.

13.     In January 2023, Plaintiff applied for financing to purchase a new vehicle but was denied.

14.     After inquiring about why his application was rejected, Plaintiff was informed that his Merrick Bank account was reporting as "charged" off on his Equifax credit report.[1]

15.     Plaintiff was stunned to learn that Equifax was reporting that Merrick Bank account was charged off; he had always made timely payments and he knew that the account was current and had a $0 balance when he closed the account.

16.     A charge off qualifies as a major delinquency and has a significant adverse impact on a consumer's credit score and perceived creditworthiness.  A representative of the financing company thus advised Plaintiff that until the inaccurate charge off notation was removed, it would be futile to reapply for financing.

17.     Plaintiff contacted Merrick Bank multiple times to dispute the reporting.  On September 28, 2023, Merrick Bank submitted an Automated Universal Data ("AUD") form (AUD No. 2989083) in which is requested that Equifax update the reporting.  Equifax ignored that request.

---

[1] As defined in Black's Law Dictionary, the term "charge off" means "[t]o treat an (account receivable) as a loss of expense because payment is unlikely; to treat as a bad debt."  Black's Law Dictionary (11th ed. 2019).

18.     Plaintiff also contacted Equifax by telephone multiple times in an effort to remove the inaccurate status from his Merrick Bank account, including on September 27, 2023. Unfortunately, those efforts were unsuccessful.

19.     On or about September 26, 2023, Plaintiff submitted a complaint to the Federal Deposit Insurance Corporation ("FDIC") regarding the inaccurate reporting on the Merrick Bank account. The FDIC notified, in turn, forwarded Plaintiff's complaint to Merrick Bank and directed Merrick Bank to provide a written response to the complaint.

20.     By letter dated October 16, 2023, Merrick Bank responded to the FDIC complaint. In the October 16 response, Merrick Bank indicated that it had submitted numerous requests to Equifax to update and correct the reporting.

21.     On October 12, 2023, Plaintiff submitted a written dispute to Equifax's FCRA compliance unit demanding that Equifax correct the inaccurate account status.

22.     Accompanying the letter an October 2, 2023 letter from Merrick Bank confirming that the "account has an excellent payment history and was not a charge off," as shown below:



23. Upon receiving the dispute letter, Equifax promptly notified Merrick Bank of the dispute by sending an Automated Consumer Dispute Verification ("ACDV") form.

24. According to its October 16, 2023 response to the FDIC complaint, Merrick Bank responded to the ACDV form by indicating that Plaintiff's account was closed, paid in full, and was not a charge off.

25. Equifax, however, failed to conduct its own reasonable investigation and failed to correct the reporting.

26. Instead, by letter dated October 31, 2023, Equifax informed Plaintiff that it would continue to report the inaccurate account status.

27. As of November 1, 2023, Equifax is still reporting that the Merrick Bank account is charged off.

28. Defendant's failure to remove the inaccurate account status has damaged Plaintiff, and continued to damage Plaintiff, by preventing him obtaining auto financing for a new vehicle.

29. Plaintiff's willingness to apply for credit has been chilled, as he understands that any financing application is doomed.

30. Plaintiff has also been forced to deal with the aggravation and humiliation of a poor credit score.

31. Accordingly, Plaintiff is entitled to damages.

## CAUSES OF ACTION
## COUNT I
### Against Equifax for Violating 15 U.S.C. §1681e(b) and §1681i

32. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

33. Equifax is liable for willfully, or at least negligently, failing to follow reasonable procedures to ensure the maximum possible accuracy of the account status information reported on Plaintiff's Merrick Bank account, in violation of 15 U.S.C. §1681e(b).

34. Equifax is also liable for willfully, or at least negligently, failing to conduct a reasonable investigation to determine whether the disputed information was inaccurate and by reinserting the disputed information back into Plaintiff's consumer report.

35. Plaintiff is thus entitled to actual damages, statutory damages, punitive damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a judgment: (1) awarding Plaintiff statutory, actual, and punitive damages; (2) awarding attorney's fees and costs, and other relief; and (3) awarding such other relief as to this Court may seem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: Atlanta, GA  **THE OAKS FIRM**
November 20, 2023

*/s/ Misty Oaks Paxton*
Misty Oaks Paxton, Esq.
3895 Brookgreen Point
Decatur, GA 30034
(404) 500-7861
attyoaks@yahoo.com

LAW OFFICE OF MOSHE BOROOSAN, PLLC
Moshe O. Boroosan, Esq. – *Pro Hac Vice Forthcoming*
1318 Avenue J, 2d Floor
Brooklyn, NY 11230
(718) 719-9101
info@boroosanlaw.com

*Attorneys for Plaintiff*